[Civ. No. 4801. Second Appellate District, Division Two.—December 27, 1924.]

MAUDE HALL, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF IMPERIAL et al., Respondents.

[Civ. No. 4809. Second Appellate District, Division Two.—December 27, 1924.]

MAUDE HALL, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF IMPERIAL et al., Respondents.

[Civ. No. 4810. Second Appellate District, Division Two.—December 27, 1924.]

MAUDE HALL, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF IMPERIAL et al., Respondents.

[1] PROHIBITION — EXISTENCE OF RIGHT TO WRIT—BURDEN OF SHOWING.—The burden is upon the petitioner for a writ of prohibition to show by her petition a right to the writ for which she asks.

[2] ID.—PENDENCY OF MATTER UPON WHICH ACTION IS THREATENED. It is incumbent upon a petitioner for a writ of prohibition to show that some matter is actually pending in the respondent court which that court threatens to pass upon.

---

1. When writ of prohibition lies, notes, 12 Am. Dec. 604; 18 Am. Dec. 238; 111 Am. St. Rep. 929,
2. See 22 R. C. L. 29.

[3] ID. — MOTIONS FOR NEW TRIAL — ALLEGED DISQUALIFICATION OF JUDGES — DENIAL OF MOTIONS BY OPERATION OF LAW — EFFECT OF. A petitioner for a writ of prohibition to prevent alleged disqualified judges from hearing or deciding her motions for new trial is not entitled to the writ, where such motions have been denied by operation of section 660 of the Code of Civil Procedure and there is, therefore, no threatened action of the respondent courts upon which the writ of prohibition may operate.

[4] ID. — FUTURE ACTS OF DISQUALIFIED JUDGES — PRESUMPTIONS. — In a proceeding to prohibit alleged disqualified judges from hearing or deciding petitioner's motions for new trial, which motions have been denied by operation of section 660 of the Code of Civil Procedure, it cannot be assumed, as a support for the petition for the writ of prohibition, that petitioner will make another motion which will require action by the alleged disqualified judges, or that, if she does make such motion, said judges will threaten to pass upon it.

[5] ID. — WHAT PROCEEDINGS WRIT WILL NOT ISSUE TO PREVENT. — The writ of prohibition will not issue to prevent action upon proceedings the birth of which may be prophesied by imagination or hope.

[6] ID. — REMEDIES — MANDAMUS — CERTIORARI. — The petition for writ of prohibition in this proceeding to prevent alleged disqualified judges from hearing or deciding petitioner's motions for new trial does not show grounds for the issuance of either the writ of mandate or the writ of review.

---

(1) 32 Cyc., p. 625, n. 70, p. 626, n. 71 New.   (2) 32 Cyc., p. 625, n. 70.   (3) 32 Cyc., p. 603, n. 27.   (4) 32 Cyc., p. 626, n. 71.   (5) 32 Cyc., p. 626, n. 71.   (6) 38 C. J., p. 861, n. 31; 34 Cyc., p. 1713, n. 28.

PROCEEDINGS in Prohibition to prevent Superior Court of Imperial County from hearing or deciding motions for new trial. Writs denied.

The facts are stated in the opinion of the court.

Jesse George for Petitioner.

Leon R. Yankwich, Luther Brown, J. Stewart Ross, Robt. B. Whitelaw and Chas. L. Brown for Respondents.

WORKS, J. — These three proceedings, identical in character except as to one circumstance hereafter to be mentioned, are under stipulation to be determined together. A statement of a part of the allegations of the petition in one of

them, No. 4801, will serve as a basis upon which disposition may be made of all.

The petition contains averments that on May 17, 1917, petitioner commenced an action against respondent Imperial Water Company No. 5 in respondent court, which action is still pending and which has proceeded to findings and judgment; and that the action was brought for the purpose of enjoining respondent Water Company from permitting water from its canals to escape, seep, and percolate upon, under, and through certain lands of petitioner, to abate the canal, or the operation thereof in its present condition, as a nuisance, and to recover damages caused to petitioner's land by said percolation and seepage. The petition further alleges that the water carried in said canals, and which escapes therefrom into petitioner's lands, has at all times since May 1, 1916, been diverted and taken from its natural course in the Colorado River by respondent Imperial Irrigation District for the purpose of using the same in the state of California in the improvement and irrigation of the lands of respondent Irrigation District, and that it became and was the duty of respondent Irrigation District since May 1, 1916, and still is its duty, to control the waters so diverted and to prevent them from escaping into the lands of petitioner to her damage or prejudice; that since about May 1, 1916, respondent Irrigation District has permitted and caused the said waters to pass into and to flow through the said canals of said Water Company and to escape therefrom into the lands of petitioner, well knowing at all times since May 1, 1916, that said water was so escaping, and at all times passed and caused to be passed into said canals an amount of water in excess of the amount actually furnished the lands irrigated from said canals to cover the loss from seepage into petitioner's lands; that petitioner's lands had never been within respondent Irrigation District at the time she commenced said action and at the time it was tried; and that she was ignorant of the fact that said water was diverted from the Colorado River and caused to escape from said canals by respondent Irrigation District, and that respondent Irrigation District was a joint tort-feasor with respondent Water Company, until early in July, 1924. It is further averred in the petition that before the trial and decision of said action, and on or about November 1, 1922, respondent Water Company sold to respondent Irrigation District

all of its property, including said canals; that since said sale and on or about November 1, 1922, respondent Irrigation District took possession of all of said property so sold, including said canals, and has ever since November 1, 1922, operated said canals and continued and yet continues to cause said water to pass by seepage into petitioner's lands and to keep and maintain said canals as a nuisance to petitioner in all respects as before said sale; that respondent Water Company is about to disincorporate, and that because thereof any judgment obtained by petitioner against said Company in said action will be ineffective and valueless and will afford petitioner no relief whatever, unless respondent Irrigation District is made a party defendant in said action and judgment be had against it. The petition also alleges that petitioner served upon respondent Water Company, as defendant in said action, and filed with respondent court a notice of motion to be permitted to file therein an amended and supplemental complaint setting forth the allegations above stated and showing the connection of respondent Irrigation District with the diversion of said water, the purchase and possession of said property and canals, and the permitting said water to escape into petitioner's lands, and making respondent Irrigation District a party defendant in said action, praying that it be brought in as such defendant and that judgment be had against it enjoining it from operating said canals in their present condition as a nuisance and for damages; that said motion was set for hearing before respondent court on July 25, 1924, that the same was heard on that day by one of respondent judges, against the objection of petitioner, and was by him on July 26, 1924, overruled and denied. The petition then sets up allegations intended to show that each of the judges of respondent court is disqualified to try said action or to conduct any proceedings therein because of financial interest in the affairs and property of respondent Irrigation District. The petition further alleges that on August 28, 1923, and after a trial of said action, one of the judges of respondent court caused to be entered in the minutes of the court his decision in said action, denying petitioner's prayer for an injunction, but awarding her judgment for damages in the sum of nine hundred dollars, and that thereafter findings and judgment carrying the decision into effect were signed and filed; that thereafter petitioner filed with respondent court her notice

of intention to move for a new trial of said action; that thereafter and on or about July 9, 1924, she served and filed in said action her written objections to either of the judges of respondent court sitting or acting further therein, or hearing or deciding her motion for a new trial thereof, or hearing or deciding her motion for leave to file an amended and supplemental complaint therein; that on July 25 and 26, 1924, one of the judges of respondent court heard said objections and on July 26, 1924, denied and overruled the same; that petitioner's motion for a new trial of said action has been set for hearing on August 15, 1924, and that unless restrained and prohibited by this court one of the judges of respondent court will then hear and decide the same. The petition then alleges particular facts intended to show that each of the judges of respondent court is disqualified by financial interest to hear or decide said motion for a new trial. The petitions in each of the three proceedings are identical in legal effect, except that no notice of intention to move for a new trial has been filed in the action which is the basis for the petition in No. 4810. In each of the proceedings an alternative writ of prohibition, upon prayer therefor, was issued, restraining respondent court and respondent judges from taking further steps in the respective actions, and the three matters are now before us for a determination of the question whether peremptory writs shall issue.

The briefs before us are voluminous, a large portion of them being devoted to a discussion of the question whether respondent judges are disqualified in the actions pending in respondent court, and to a discussion of the validity of the past action of one of the judges in denying leave to file an amended and supplemental complaint. Other questions of which we shall not specifically state the nature are also debated vigorously. It is unnecessary to decide any of the points stated, either specifically or generally, in this paragraph, as other questions which we shall now briefly discuss precede them in a consideration of the proceedings—questions which close the door upon all others which are presented and argued.

Petitioner seeks to prohibit each of the judges of respondent court from hearing or deciding her motion for a new trial of two of the cases pending before the court. Section

660 of the Code of Civil Procedure provides: "The power of the court to pass on motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of judgment. If such motion is not determined within said two months, the effect shall be a denial of the motion without further order of the court." The petition here does not show whether or not a notice of entry of the judgment in the causes pending in respondent court was ever given, but it does allege that notices of intention to move for a new trial were served and filed. [1] In this state of the petition we shall assume that notice of the entry of judgment was given before the filing of the notices of intention, for the burden is clearly upon petitioner to show by her petition a right to the writ for which she asks. [2] In other words, it is incumbent upon her to show that some matter is actually pending in respondent court which that court threatens to pass upon. [3] Under the assumption just made the dates which we have stated above clearly show that respondent court long ago lost its jurisdiction to dispose of the motions for a new trial and that the motions have long since been denied by operation of section 660. In this regard, therefore, there is no threatened action of respondent court upon which the writ of prohibition may operate.

There appears to be no proceeding or matter pending in respondent court in any of the actions which are the subject, respectively, of the petitions before us over which the court threatens to exercise, or over which it could exercise jurisdiction. None of the petitions shows us that any matters are pending which under the law lead up to the perfecting of appeals or to the making of a record on appeal, such, for instance, as the settling of a bill of exceptions or the certifying of a reporter's transcript of the evidence under what is known as the alternative method of appeal. In fact, it is said in petitioner's closing brief: "The petitioner has yet the right to move in the court below to have the judgments set aside as void for matters not appearing on their face, a hearing must be had upon such motion, and from the decision thereon an appeal lies; and if an appeal is taken the record must be made up, approved and certified, all of which calls for judicial action. . . . This is a remedy open to us, and the only remedy left, if our motion for a new trial must

be deemed denied and our right of appeal from the judgments gone. And unless a peremptory writ is issued herein, we will have to present such a motion before the disqualified judges, who have already declared that they are not disqualified. Manifestly we would have to come here again for a writ to prohibit them from hearing such a motion, unless they are prohibited from any further action by peremptory writ now." This argument furnishes no reason for the issuance of the writ sought in these proceedings. [4] We cannot assume, as a support for the present applications, that petitioner will make the motion suggested by her, or that, if she does make it, respondent judges will threaten to pass upon it. [5] The writ of prohibition will not issue to prevent action upon proceedings the birth of which may be prophesied by imagination or hope.

[6] Petitioner asks us to exercise our undoubted jurisdiction to issue any writ to which a petition may show that a petitioner is entitled if he shall in his prayer ask for the wrong writ. We do not deem it necessary to state why, in our opinion her petitions fail to show grounds for the issuance of either the writ of mandate or the writ of review. It is manifest to us that petitioner fails to show a right to either remedy.

In each of these proceedings the alternative writ of prohibition is vacated and a peremptory writ is denied.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing in *Hall* v. *Superior Court,* Civil No. 4810, was granted by the district court of appeal on January 14, 1925.